People v Parris (2019 NY Slip Op 01951)





People v Parris


2019 NY Slip Op 01951


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


352 KA 15-01192

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEVONNE PARRIS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered June 24, 2015. The judgment convicted defendant, upon his plea of guilty, of gang assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of gang assault in the first degree (Penal Law § 120.07). We agree with defendant that the waiver of the right to appeal is invalid. In addition to conflating the right to appeal with those rights automatically forfeited by the guilty plea (see People v Rogers, 159 AD3d 1558, 1558-1559 [4th Dept 2018], lv denied 31 NY3d 1152 [2018]), the perfunctory inquiry made by Supreme Court was "insufficient to establish that the court engage[d] . . . defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (People v Brown, 296 AD2d 860, 860 [4th Dept 2002], lv denied 98 NY2d 767 [2002]; see People v Brown, 160 AD3d 1426, 1426 [4th Dept 2018], lv denied 31 NY3d 1115 [2018]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court